IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN MOULTRIE,
    Plaintiff,
    v.     Case No. 3:07-cv-224-KRG-KAP
SUPERINTENDENT GERALD ROZUM,
S.C.I. SOMERSET, et al.
    Defendants

Report and Recommendation

Recommendation

The defendants have filed a motion for summary judgment, docket no. 15. Plaintiff has responded with a motion to withdraw his complaint without prejudice, docket no. 19. I recommend that the plaintiff's complaint be dismissed with prejudice.

Report

Plaintiff, now at S.C.I. Pittsburgh, was incarcerated at S.C.I. Somerset and filed a complaint against the warden there, his unit manager, and his work crew supervisor, alleging that the defendants had violated his constitutional rights. Defendants filed a motion to dismiss, docket no. 15, which plaintiff was directed to respond to. Plaintiff now moves to dismiss the action without prejudice on the basis that he is having health problems, lacks money, and has an inadequate law library. docket no. 19.

After service of the complaint on and the filing of a motion to dismiss or for summary judgment by defendants, plaintiff's motion for voluntary dismissal is governed by Fed.R.Civ.P. 41(a)(2). See Schandelmeier v. Otis Division, 143 F.R.D. 102 (W.D.Pa.1992); see also Ferguson v. Eakle, 492 F.2d 26, 28-29 (3d Cir.1974); Sinclair v. Soniform, Inc., 935 F.2d 599 (3d

Cir.1991). Prejudice to the defendants, both legally and in litigation expense, must be weighed against the plaintiff's diligence in bringing the motion and explanation therefore; the pendency of a dispositive motion by the non-moving party should also be considered. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir.1994).

The equities of this matter favor dismissal with prejudice. Plaintiff alleges a claim of verbal harassment which does not rise to the level of a cognizable injury, and a conclusory claim of retaliation which in the face of a well-supported motion to dismiss does not articulate any claim for relief. As defendants also point out, any request for injunctive relief is moot and any award of damages plaintiff could possibly claim would be nominal.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: July 31, 2004

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

John Moultrie ET-1608
S.C.I. Pittsburgh
P.O. Box 99901
Pittsburgh, PA 15233